## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JORDAN HARPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18-CV-668-CVE-JFJ** |
| **v.** | ) | **Base File** |
| | ) | |
| **AETNA LIFE INSURANCE COMPANY,** | ) | **Consolidated With:** |
| **a foreign corporation;** | ) | **Case No. 18-CV-669-CVE-FHM** |
| **INTEGRATED SERVICE COMPANY,** | ) | |
| **LLC, an Oklahoma corporation;** | ) | |
| **THE INSERV BENEFIT PLAN; and** | ) | |
| **DONNA MATLOCK, an individual;**[1] | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court are (1) the parties' Joint Status Report (ECF No. 36), which was referred to the undersigned for resolution of the discovery dispute explained in Part VI.C and entry of an appropriate scheduling order; and (2) Plaintiff's Motion to Conduct ERISA discovery ("Motion") (ECF No. 46). The Motion was filed as a result of this Court's instructing Plaintiff to file a brief in support of her request for discovery (ECF No. 38). Defendant Aetna Life Insurance Company ("ALIC") and Defendants Integrated Service Company ("InServ"), The InServ Benefit Plan ("Plan"); and Donna Matlock ("Matlock") filed responses to the Motion (ECF Nos. 50, 52); and Plaintiff filed a reply (ECF No. 56). The Court conducted a hearing on July 29, 2019, and a follow-up phone conference on August 9, 2019.

### I. Factual Background

The following facts are based on the Complaints in Case Numbers 18-CV-668 ("18-CV-668") and 18-CV-669 ("18-CV-669") or undisputed exhibits attached to the parties' briefs.

---

[1] Matlock is only a Defendant in Case Number 18-CV-669. The other three Defendants are Defendants in both 18-CV-668 and 18-CV-669.

Douglas Harper sustained fatal injuries in a one-vehicle accident on December 31, 2017. At the time of his death, Douglas Harper and his wife, Plaintiff Jordan Harper, were employees of InServ and participants in the Plan, which was underwritten by ALIC and sponsored by InServ. The Plan is an employee benefit plan as defined in 29 U.S.C. § 1132(d)(1) and is governed by the Employment Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

### A.    18-CV-668 – Douglas Harper's Coverage

Douglas Harper's coverage under the Plan included $150,000 each in basic life insurance coverage and Accidental Death and Personal Loss ("ADPL") coverage, with Jordan Harper as the designated beneficiary. Upon his death, Plaintiff claimed life insurance benefits and ADPL benefits under Douglas Harper's policy. ALIC paid the life insurance benefits but denied the ADPL benefits, because the death "was not the direct result of a covered accident" and because "the motor vehicle crash which led to his death was contributed to by taking prescription medication in manner (sic) other than what was prescribed by a physician." 18-CV-668, ECF No. 2 at 4 (quoting denial letter). Plaintiff alleges Defendants "did not perform a complete and thorough investigation and wrongfully denied Plaintiff's claims for ADPL benefits." *Id.* Plaintiff seeks review of the denial and seeks judgment jointly and severally against the Defendants ALIC, InServ, and the Plan in the amount of $150,000, pursuant to 29 U.S.C. § 1132(a)(1)(B). *Id.* at 4-5.

### B.    18-CV-669 – Jordan Harper's Coverage

In addition to basic life and ADPL coverage on herself, Plaintiff elected $25,000 each in basic life insurance coverage and ADPL coverage on her spouse. However, the Plan provides that "you cannot receive coverage under this Plan as: [b]oth an employee and a dependent[.]" 18-CV-668, ECF No. 150-1 at 138. Upon the death of her husband, Plaintiff claimed life insurance

benefits and ADPL benefits under her own policy.  ALIC denied the claims, stating that Plaintiff was

> not eligible to cover Mr. Harper as a dependent since he was also an employee of (InServ) as per the requirements of the Policy.  In addition, even if you were able to cover Mr. Harper as a dependent, it has been determined that Mr. Harper's death was caused or contributed by his use of drugs, not taken as prescribed which is a loss excluded by the Policy.

18-CV-669, ECF No. 2 at 4 (quoting denial letter).

In 18-CV-669, Plaintiff seeks review of this separate denial and seeks judgment jointly and severally against all named Defendants, ALIC, InServ, the Plan, and Matlock, in the amount of $50,000, pursuant to 29 U.S.C. § 1132(a)(1)(B).  *Id.* at 6.  In addition to seeking review of the benefits decision, Plaintiff asserts that Defendants Matlock and InServ "violated their fiduciary duties to Plaintiff as a participant in the Plan."  *Id.*  Specifically, she alleges Matlock "did not advise Plaintiff . . . that there would be any issue with electing coverage for her husband if he was a co-employee of InServ" and that Matlock was "fully aware that both Douglas and Jordan Harper worked for InServ and was aware they were husband and wife."  *Id.* at 5.  Plaintiff further alleges "InServ and ALIC waived any right to assert that Plaintiff was never entitled to coverage for the life of her spouse because they collected premiums for coverage which they now claim never existed," and because "neither ALIC, InServ, Matlock nor any other employee or agent of any defendant herein provided Plaintiff with a copy of the InServ Benefit Plan before the accidental death of Douglas Harper . . . ."  *Id.* at 5-6.

### C.    Plaintiff's Requested Discovery

Plaintiff seeks to conduct fact depositions of four ALIC employees who were involved in the claims decision or appeal of the claims decisions.  All ALIC employees reside out of state. Plaintiff seeks to depose one InServ employee, Matlock, who enrolled Plaintiff in the Plan.

Matlock resides in Oklahoma.  Plaintiff has not requested any written discovery, despite being provided an opportunity to do so in the Motion and during oral argument.

## II.    Analysis

### A.    Requested Depositions Regarding Plaintiff's Claims to Recover Benefits Under 29 U.S.C. § 1132(a)(1)(B) (18-CV-668 and 18-CV-669)

It is undisputed that the Plan vests ALIC with discretionary authority to determine eligibility for benefits.  Therefore, the district court will review the claims decision under an arbitrary and capricious standard.  *See Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010).   In these circumstances, the Tenth Circuit prohibits "courts from considering materials outside the administrative record where the extra-record materials sought to be introduced relate to a claimant's eligibility for benefits."  *Id.* at 1162.   This rule against supplementation of the record on the "merits issue of disability" is necessary, because a plan participant is "not entitled to a second chance to prove disability."  *Id.* at 1159 (internal quotation omitted).   This "general prohibition on extra-record supplementation makes sense," because a district court "would have no justification for concluding that an administrator abused its discretion by failing to consider materials never submitted to it for inclusion in the administrative record." *Id.*  Further, both sides "have a fair opportunity to include in the record materials related to the participant's eligibility for benefits."  *Id.*

It is also undisputed in this case that ALIC operated under a "dual role" conflict of interest.  *See id.* at 1154 (insurance company operated under dual role conflict when it both insured and administered the plan).  The Tenth Circuit has held that discovery may be permissible regarding "dual role conflict[s] of interest or procedural irregularities."  *Id.* (explaining that Tenth Circuit's "broad language prohibiting extra-record discovery is potentially misleading in cases involving a dual role conflict of interests or procedural irregularities").  Even under the arbitrary and capricious standard, this discovery may be relevant because district courts "must always weigh the conflict

of interest in its abuse of discretion analysis" and "allocate the conflict more or less weight depending on its seriousness." *Id.* at 1157.

Post-*Murphy* decisions within the Tenth Circuit have held that "discovery may be permissible in the context of a plan administrator's dual role conflict of interest or procedural irregularities." *See Perkins v. Hartford Life & Acc. Ins. Co.*, No. 11-2557-KHV, 2012 WL 3834745, at *1 (D. Kan. Sept. 4, 2012); *Erickson v. The Lincoln Nat'l Life Ins. Co.*, No. 111CV00394, 2011 WL 13127141, at *1 (D. Colo. Oct. 13, 2011) ("Limited discovery may be appropriate on the issues of (1) whether the entire administrative record has been provided to the court; (2) the administrator's dual role conflict of interest; and (3) corruption or procedural irregularities in connection with the administrator's review of the record or decision."). Discovery is still "not appropriate in the context of additional substantive evidence of the claimant's eligibility for benefits, such as additional medical evidence of disability." *Perkins*, 2012 WL 3834745, at *1.

Although *Murphy* authorizes this exception to the general prohibition on discovery, the exception "does not function as a green light to discovery" whenever a dual-role conflict exists. *Parker v. Baker Hughes Inc. Long Term Disability Plan*, No. CV 17-372 WJ/GBW, 2018 WL 2926165, at *1 (D.N.M. June 11, 2018). Instead, discovery requests still must be analyzed under the familiar framework of Federal Rule of Civil Procedure 26(b)(1). *See Murphy*, 619 F.3d at 1162 (explaining that Rule 26(b) governs dual conflict of interest discovery requests and "other" discovery requests in ERISA cases). The Tenth Circuit cautioned courts against unnecessarily broad discovery that "slows the efficient resolution of an ERISA claim." *Id.* at 1163. The party seeking extra-record discovery bears the burden of showing its propriety. *Id.*

Plaintiff seeks to depose three individuals regarding her § 1132(a)(1)(B) claims. First, Plaintiff seeks to depose Salvatore Cavaliere ("Cavaliere"), ALIC claims analyst, regarding his

discussion during a phone call with Dr. Byron Curtis, the forensic toxicologist from the medical examiner's office.  Plaintiff wants to "explore this call further, in light of the issues . . . as to why more information was not obtained as to why the toxicology reading was so impossibly high." ECF No. 46 at 3.  Second, Plaintiff seeks to depose Kellie Greenleaf ("Greenleaf"), a Life Appeals Consultant who was assigned the appeal of the claim denial, regarding "why she did not conduct a more thorough investigation and seek a medical opinion," rather than consulting with a registered nurse.  *Id.* at 3.  Third, Plaintiff seeks to depose Michael Corarito ("Corarito"), a nurse in ALIC's medical underwriting department, regarding his "cursory" review of the toxicology results and whether he considered the possibility of a false positive or wrong report.  *Id.* at 4.  Although not listed in the Motion, Plaintiff's counsel stated during the hearing that he also desired to question these witnesses regarding ALIC's policies and procedures governing investigation of toxicology reports, or other policies relevant to ALIC's review of Plaintiff's claim.

### 1. Requested Depositions Regarding Investigation

Plaintiff essentially seeks to explore why these ALIC employees did not conduct a better, different, or more thorough investigation of the claim.  Upon review of the administrative record, the Court finds this discovery is either irrelevant to the district court's review or not proportional to the needs of the case under Rule 26(b)(1).  Although ALIC has a dual role conflict of interest, these questions are not aimed at determining the seriousness of that conflict or the weight it should be afforded.  Nor are the questions aimed at eliciting testimony regarding any specific, identified procedural irregularity in the administrative record that potentially may be relevant to the district court's analysis.  In this case, the administrative record reveals what investigation was conducted and the reasons for the decision reached.  Plaintiff will be free to make arguments regarding the arbitrary or capricious nature of this decision within the confines of this record.  The Court finds that deposition questioning regarding these witnesses' thought processes and reasons for taking

certain actions during the administrative process is outside the bounds of permissible discovery and irrelevant to the district court's analysis. *See Hoyt v. The Prudential Ins. Co. of Am.*, No. 07-CV-02210-LTB-KLM, 2008 WL 686922, at \*2 (D. Colo. Mar. 12, 2008) (declining to permit depositions of employees to explore their thought processes). Even if relevant, deposition questioning is not a necessary or proportional means of discovering the information in this case, considering the Rule 26(b)(1) factors. The Tenth Circuit has reiterated ERISA's goal of a speedy, inexpensive, and efficient resolution of a claim, and the costs of deposing witnesses on these topics outweigh the potential benefits to the overall litigation.

### 2. Requested Depositions Regarding Policies and Procedures

Although the policies and procedures specifically related to the handling of Plaintiff's claim may be relevant forms of extra-record evidence, *see Hoyt*, 2008 WL 686922, at \*2 (generally permitting discovery related to "the policies and procedures by which Prudential made its decision"), the Court finds that deposition questioning is not a necessary or proportional means of discovering this information in this case, considering the Rule 26(b)(1) factors.

### B. Requested Depositions Regarding Plaintiff's Breach of Fiduciary Duty/ "Waiver" Claim (18-CV-669)[2]

In 18-CV-669, Plaintiff asserts a breach of fiduciary duty claim against InServ and Matlock. Plaintiff also discusses the issue of "waiver," which appears to be an equitable estoppel theory. Both forms of equitable relief are authorized by the Tenth Circuit. *See Kerber v. Qwest*

---

[2] In the Complaint in 18-CV-669, Plaintiff cites 29 U.S.C. § 1132(a)(2) as the basis for her breach of fiduciary duty claim. Section 1132(a)(2) references 29 U.S.C. § 1109, which provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach . . . ." (emphasis added). Plaintiff's substantive allegations, however, appear to invoke equitable relief permitted by § 1132(a)(3). *See Scott v. Union Sec. Ins. Co.*, No. 17-2686-JWL, 2019 WL 451189, at \*6 (D. Kan. Feb. 5, 2019) (explaining that 29 U.S.C. § 1132(a)(3) "allows a plan participant to sue for appropriate equitable relief"). For purposes of this motion, the Court assumes Plaintiff has adequately pled these equitable theories of relief.

*Grp. Life Ins. Plan*, 647 F.3d 950, 968 (10th Cir. 2011) (affirming grant of summary judgment on ERISA breach of fiduciary duty claim but declining to choose which version of test to adopt); *Horn v. Cendant Operations, Inc.*, 69 F. App'x 421, 427 (10th Cir. 2003) (addressing ERISA breach of fiduciary duty claim); *Fulghum v. Embarq Corp.*, No. 07-2602-EFM, 2016 WL 1060207, at *5 (D. Kan. Mar. 15, 2016) (same) (citing test from *Romero v. Allstate Corp.*, 404 F.3d 212, 226 (3d Cir. 2005)). *See also Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1187 (10th Cir. 2016) (discussing equitable estoppel theory of relief under ERISA and setting forth elements).

In contrast to § 1132(a)(1)(B) claims for benefits, courts generally permit limited extra-record discovery on ERISA breach of fiduciary duty claims. *See Coffey v. Hartford Life & Accident Ins. Co.*, 318 F.R.D. 320, 323 (W.D. Va. 2017) (citing cases) (explaining that "loosening of the typical constraints on discovery that apply to ERISA claims is necessary where the information relevant to a claim is not likely to come from the administrative record"). *See also Scott*, 2019 WL 451189, at *7 (noting that parties did not dispute that plaintiff may rely on evidence outside the pleadings in proving breach of fiduciary duty claim and finding plaintiff failed to submit sufficient evidence to survive summary judgment). Discovery still may not be appropriate, however, where the breach of fiduciary duty claim arises solely from interpretation of policy documents. *See Coffey*, 318 F.R.D. at 323. For similar reasons described by courts in the context of ERISA breach of fiduciary duty claims, the Court finds limited extra-record discovery to be permissible on Plaintiff's "waiver" or equitable estoppel theory.

Plaintiff seeks to depose Matlock regarding the details surrounding Plaintiff's enrollment and Matlock's "own lack of knowledge that the plan did not allow co-employee spouses to take out insurance on each other." ECF No. 46 at 5. The administrative record will not contain information regarding Matlock's omissions or representations regarding the Plan during or after

the enrollment process, or what Plan documents were actually provided to Plaintiff. Although the equitable claims ultimately may be resolved by the district court on the basis of plan documents, the Court finds that Matlock's testimony is relevant and within the scope of permissible discovery. The Court further finds that Plaintiff's proposal of a limited, one-hour deposition of the InServ employee most knowledgeable about Plaintiff's enrollment to be proportional to the needs of the case, considering Rule 26(b)(1) factors.

Plaintiff also seeks to depose ALIC employee Douglas Burdick ("Burdick"), a Claims Appeal Specialist, as to whether he discussed the issue of "waiver" with Matlock or "consulted a legal opinion as to any potential waiver of [ALIC's] policy defenses, as asserted in plaintiff's appeal." ECF No. 46 at 5. However, Burdick's reasoning for rejecting Plaintiff's "waiver" theory is part of the administrative record. *See* ECF No. 46 at 16-18. Plaintiff raised the waiver issue during the administrative process, and the propriety of ALIC's decision regarding Plaintiff's appeal can be adequately analyzed and decided on that record. Further, ALIC admits that any communications Burdick had with Matlock regarding the appeal would be contained in the administrative record. ECF No. 50 at 8. The Court finds that the additional deposition of Burdick on Plaintiff's equitable theories of relief are irrelevant and/or not proportional to the needs of the case under Rule 26(b)(1).

### C.      Requested Deposition Regarding Interpretation of Claim Notes

Plaintiff contends that certain portions of the administrative record contain "abbreviated claim notes" that are "cryptic." ECF No. 46 at 5. In response, ALIC's counsel offered to provide assistance in understanding these abbreviations and understanding any unclear claim notes. This is a time-saving and cost-saving alternative to deposing a witness on these topics, and the Court finds these issues to be best resolved in the manner proposed by ALIC's counsel.

IV.     **Conclusion**

Plaintiff's Motion (ECF No. 46) is GRANTED in part and DENIED in part as follows. Plaintiff's Motion is DENIED as to Plaintiff's request to depose Cavaliere, Greenleaf, Corarito, and Burdick. Plaintiff's Motion is GRANTED as to Plaintiff's request to depose Matlock. As requested by Plaintiff, the Court will permit a one-hour deposition of Matlock on the topics explained above.[3]

The parties are ORDERED to confer and file a Proposed Scheduling Order governing the consolidated cases, no later than one week from the date of this Order.

**SO ORDERED** this 26th day of August, 2019.

_Jodi F. Jayne_
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] During the hearing, the parties indicated Matlock may be willing to stipulate to certain information. While the parties are free to discuss a stipulation to avoid the cost of a deposition, the Court authorizes Plaintiff to conduct the deposition in the event a stipulation or other agreement cannot be reached.